UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUELE JUN GORGOGLIONE,

    Plaintiff,

v.                                             Case No:   8:13-cv-953-T-33TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant Commissioner of Social Security's Consent Motion for Entry of Judgment under Sentence Four 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to the Defendant [sic].  (Doc. 25).  The Commissioner asks that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for the following reasons:

> The Commissioner requests that the court remand this case to an administrative law judge (ALJ) who will update the record and further evaluate the severity of Plaintiff's impairments at step two of the sequential evaluation, reevaluate Plaintiff's residual functional capacity, and further consider Plaintiff's past relevant work, including the mental and physical demands of such work.  If necessary, the agency will obtain vocational expert testimony to assist in evaluating the past work and whether there is other work in the national economy. The ALJ will then issue a new decision.

(Doc. 25 at 2).

Counsel for the Commissioner represents that he has conferred with Plaintiff's counsel, who consents to the relief sought in the motion.

Under 42 U.S.C. § 405(g), the Court is empowered to reverse the Commissioner's decision with or without remanding for a rehearing. Shalala v. Schaefer, 509 U.S. 292 (1993). The ALJ's failure to develop the record constitutes sufficient grounds for remand if "the record reveals evidentiary gaps which result in unfairness or clear prejudice." Brown v. Shalala, 44 F.3d 931, 934-935 (11th Cir. 1995). A sentence-four remand is also appropriate to allow the Commissioner to explain the basis for his or her administrative decision. Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment). Upon remand of the case under sentence-four, the ALJ must review the complete case record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

After due consideration of Commissioner's motion, I agree that it is appropriate to remand this case. Accordingly, I **RESPECTFULLY RECOMMEND** that:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Doc. 16) be **GRANTED**.

2. This case be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Clerk of Court be directed to enter judgment accordingly, terminate any

pending motions, and close the file.

  4. Plaintiff be instructed that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of any past due benefits awarded. Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney assigned to the case to advise them that the notice has been received.

  Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

  **RESPECTFULLY RECOMMENDED** in Orlando, Florida on March 3, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record