UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUELE JUN GORGOGLIONE,

    Plaintiff,

v.                                        Case No:   8:13-cv-953-T-33TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. s 406(b). (Doc 31). Upon due consideration I respectfully recommend that the motion be granted.

### I. Background

After the court-ordered remand of this Social Security disability case, the Commissioner of Social Security found Plaintiff Samuele Jun Gorgolione disabled and on July 14, 2014, awarded him $101,302.88 in past due disability insurance benefits (Doc. 31 at 8; Doc. 31-2).[1] Plaintiff's attorney, Michael Steinberg, filed a Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b), which is now pending before the Court (Doc. 31). He seeks $25,325.72 which is 25% of Plaintiff's award of past due benefits, pursuant to the contingent fee agreement between Plaintiff and counsel (Doc. 31 at 1). The Commissioner has withheld the same amount for payment of attorney's fees

---

[1] The Commissioner's response in opposition to the motion states the amount of the award as $101,302.39 (Doc. 32 at 2). The Notice of Award itself does not state the exact amount (Doc. 31-2). But, the amount identified by Plaintiff's attorney is four times the amount that the Notice states and that the parties agree was withheld by the Commissioner (Doc. 31-2 at 3; Doc. 32 at 2). Accordingly, I accept as correct the $101,302.88 figure.

(Doc. 31-2 at 3).   But, the Commissioner has filed a response in opposition to the motion, arguing that the hourly rate sought by Mr. Steinberg is excessive and if paid, would amount to "a windfall."   (Doc. 32 at 1).

## II. Discussion

Before addressing the merits of the fee petition, I must address its timing. The Court's final order in this case provided that "the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty days after Plaintiff receives notice from the Social Security Administration of the amount of any past due benefits awarded." (Doc. 27 at 3-4). Here, the Commissioner's Notice of Award was issued on February 7, 2015, but it was sent to the address for Plaintiff's former attorney, rather than to Mr. Steinberg (Doc. 31 at 3; see also Docs. 31-2, 33-1). The former attorney's receipt of notice cannot be imputed to Plaintiff because the representation—and thus, the attorney's authority to act on the client's behalf—had terminated. Plaintiff's attorney states in the motion that he did not receive the notice until March 27, the day the motion was filed. It is not clear whether Plaintiff himself received the notice before then. The Commissioner does not object to the timeliness of the motion. Because there is no evidence that Plaintiff received the notice before March 27, I find that the 30-day period started to run on that date and that the motion is therefore timely.[2]

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his or her client on remand from federal court may petition the court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.   42 U.S.C. § 406(b)(1)(A).

---

[2] Even if Plaintiff received the notice earlier, an extension of time pursuant to FED. R. CIV. P. 6(b)(1)(B) would be appropriate because counsel did not receive the notice until March 27, and promptly filed the motion after receiving the notice.

In capping the fee at twenty-five percent, "Congress ... sought to protect claimants against 'inordinately large fees' while also ensuring that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Supreme Court recognized as the most common fee arrangement in Social Security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the court should turn in assessing the reasonableness of a fee. Id. at 808. Then, the court may evaluate other key considerations including the character of the representation and the results the representation achieved. Id. Factors that may warrant a reduction in counsel's fee include "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case." Id.

Plaintiff and his attorney entered into a contingent fee agreement which provides that if Plaintiff prevails in federal court and is subsequently awarded benefits at the administrative level, he will pay Mr. Steinberg "the difference between [25% of the benefits award] and the amount paid [to Plaintiff's attorney] by SSA in accordance with [the Equal Access to Justice Act]" (Doc. 31-1). This contingent fee agreement is, without question, reasonable. A contingency fee of 25% falls within the bounds authorized by Congress when it enacted § 406(b), and the Supreme Court in Gisbrecht recognized that contingent fee agreements are "the most common fee arrangement between attorneys and social security claimants." 535 U.S. at 800. A 25% contingency fee is also reasonable under Rule 4-1.5 of the Florida Rules of Professional Conduct, and is below

the customary range for contingent fee cases in ordinary civil cases filed in state and federal courts in Florida. See Rule 4-1.5(f) of the Rules Regulating the Florida Bar which provides for a 33 1/3% contingent fee for any recovery up to one million dollars.

Based on the itemization of hours attached to the motion (Doc. 31-3), as well as the motion for attorney's fees under the Equal Access to Justice Act ("EAJA") (Docs. 29, 29-1), Plaintiff's attorney spent 19.0 hours working on the case. If the requested $25,325.72 fee is approved, Plaintiff's attorney will receive an effective rate of $1,332.93 per hour.[3] The Commissioner protests that this is excessive because it is more than 10 times what Plaintiff's attorney charges for non-contingent cases, and almost 4 times the prevailing rate in non-contingent cases in the Tampa area (Doc. 32 at 3).[4]

The Commissioner's objection is misplaced. When reviewing contingent fee requests for reasonableness under § 406(b), "courts should not convert contingent fee awards into hourly rate 'equivalents' and apply standard lodestar approaches." McKee v. Commissioner, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. 2008). Instead, the Court must

> … look first to the contingent fee agreement and should then consider, inter alia, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly

---

[3] If the amount of the EAJA award is subtracted from the fee request, as the contract suggests it should be (Doc. 31-1), then the § 406(b) fee would be $21,894.51, which would equal an hourly rate of $1,152.34.

[4] Although Mr. Steinberg suggests that hourly rates of $100-$350 are typical in Tampa, I know from my own experience that this is an underestimate and, in fee shifting cases in the Tampa Division, while awards of greater than $400 per hour are uncommon, they are not unheard of, particularly for specialist attorneys with over 20 years of experience–a description that applies to Mr. Steinberg. See, e.g., Gray v. Novell, Inc., No. 8:06-CV-1950-T-33TGW, 2012 WL 3871872, at *10-11 (M.D. Fla. Sept. 6, 2012) (approving hourly rate of $425 for intellectual property attorney with over 20 years of experience); Rynd v. National Mutual Fire Ins. Co., No. 8:09-CV-1556-T-27TGW, 2012 WL 939387, at *15 (M.D. Fla. Jan. 25, 2012) (hourly rate of $375-$400 is "consistent with Tampa rates for highly experienced attorneys"); Steffen v. Akerman Senterfitt, No. 8:04-cv-1639-T-24MSS, 2007 WL 1601750, at *2-3 (M.D. Fla. June 1, 2007) (finding hourly rate of $450 to be reasonable).

> billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

Id. (quoting Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1363 (N.D. Ga. 2005). Rather than starting with the agreement and then weighing other factors, the Commissioner's argument starts and ends with a lodestar analysis (Doc. 32 at 3). The Commissioner's approach would "re-inject the pre-Gisbrecht lodestar analysis into § 406 contingency fee determinations" and thus "would run counter to clear Congressional intent in adopting and amending § 406, overlook the spirit of the Supreme Court's ruling in Gisbrecht, and contravene the Eleventh Circuit's guidance in Bergen [v. Commissioner, 454 F.3d 1273, 1275-76 (11th Cir. 2006)." Id. What's more, limiting a § 406(b) fee based solely on a comparison to the lodestar approach would "have a chilling effect on the willingness of attorneys to undertake contingent fee representation in [Social Security] cases," McKee, 2008 WL 4456453, at *4, and it would also create "a perverse incentive [for attorneys] to delay proceedings or expend unnecessary hours in an effort to prolong successful litigation–all to ensure that their § 406(b) fee would not be reduced based on its appearing excessively high in comparison to the number of hours they expended," Jeter v. Astrue, 622 F.3d 371, 380 (5th Cir. 2010).

To be sure, this was not a particularly difficult or complex case as Social Security cases go. The record is short, at just 384 pages (Doc. 13). Plaintiff's attorney spent only 19 hours on the case and filed a brief that was only 9 pages long (See Doc. 22). After reviewing the record and the Plaintiff's brief, the Commissioner must have concluded that Plaintiff's arguments had merit because she filed an unopposed motion to remand the case to the agency for further proceedings (Doc. 25). These factors weigh against approving the requested fee.

On the other hand, Mr. Steinberg's vast experience in Social Security cases militates in favor of the requested fee. He was admitted to the Florida bar in 1982 and approximately 90% of his practice is devoted to Social Security cases.[5] He is listed as counsel of record in more than 2,000 Social Security cases filed in the past 25 years in this district. A less experienced attorney may have spent more time on the case and submitted a longer brief raising a greater number of issues. In other words, the low number of hours Mr. Steinberg spent on the case may have as much to do with his experience and expertise as it does with the facts of the case.

The contingent nature of the fee agreement meant Mr. Steinberg risked coming away from the representation with no fee at all. Indeed, Social Security claimants routinely lose cases in this district and winning remand was no guarantee of an award of benefits. While a claimant's attorney does receive an award of fees under the EAJA in such a case, the statutory cap on EAJA rates is well below what an experienced attorney could command in the Middle District of Florida. McKee, 2008 WL 4456453, at *6 n. 3.

Also weighing in support of the requested fee is the favorable result Mr. Steinberg obtained for his client. Plaintiff was awarded $101,302.88 in past due benefits, and will receive net continuing benefits of almost $1,900 per month as well as eligibility for coverage under Medicare.

As with all plaintiff's attorneys who handle Social Security cases in this Court, Mr. Steinberg's non-contingent EAJA hourly rate is $125 adjusted by the living rate based on

---

[5] A significant portion of the remaining 10% of Mr. Steinberg's cases appear to be challenges to denials of disability insurance benefits under § 502(a)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, against ERISA plan administrators. These cases are similar to Social Security cases in that both involve judicial review of an administrative decision based on medical records and other evidence considered at the administrative level, often (though not always in ERISA cases) under a deferential standard of review.

the Consumer Price Index. 28 U.S.C. § 2412(d)(2)(A). This artificial rate, which is certainly less than the market rate for attorneys of comparable experience in different areas of practice has little relevance to the analysis of this contingency fee agreement.

Far more relevant is the reasonableness of the requested fee compared to § 406(b)(1) fees approved pursuant to contingent fee arrangements in other Social Security cases. See Bibber v. Commissioner, No. 6:12-cv-1337-Orl-37DAB, 2015 WL 476190, at *6 (M.D. Fla. Feb. 5, 2015) ($24,386); Taggart v. Commissioner, No. 6:12-cv-1068-Orl-TBS, 2014 WL 5320556, at *1 (M.D. Fla. Oct. 17, 2014) ($24,580.25); Hatchett v. Commissioner, No. 6:11-cv-1810-Orl-18TBS, 2014 WL 293464, at * White v. Commissioner, No. 6:09-cv-1208-Orl-28GJK, 2012 WL 1900562, at *6 (M.D. Fla. May 2, 2012) ($36,680.78); McKee, 2007 WL 4556453, at *7 ($20,768.00, less EAJA fees). Viewed through the prism of these cases an award of $25,325.72 is well within the range customarily approved in Social Security disability cases.

Based on my consideration of the above factors, I find that the requested fee is reasonable and should be approved. Since counsel has already received a fee award of $3,431.21 under EAJA, and because the contract provides that Plaintiff shall pay counsel 25% of past due benefits less any EAJA award, I recommend that the EAJA award be subtracted from the $25,325.72 requested, resulting in a net award of $21,894.51. Cf. Jackson v. Commissioner, 601 F.3d 1268, 1273 (11th Cir. 2010) (endorsing offset procedure as an alternative to overpaying attorney and requiring attorney to remit EAJA award to client).

### III. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district judge grant the motion and approve § 406(b) fees in the amount of $21,894.51, to be paid

out of Plaintiff's past due benefits currently being withheld by the Social Security Administration.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 15, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record